The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ford and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
If the principle issue of jurisdiction, in particular that the employer-employee relationship existed between the parties on November 22, 1995, is found in favor of the plaintiff, the parties stipulate as follows:
1. As of said date Fireman's Fund provided the coverage to the employer as provided under said Act.
2. That plaintiff sustained an injury by accident arising out of and in the course of the work being performed for the defendant-employer on November 22, 1995.
3. On said date, plaintiff was earning an average weekly wage of $1,000.00.
4. That the further issues to be determined in this case are:
 a. Did plaintiff sustain an injury by accident arising out of and in the course of his employment with the defendant-employer on November 22, 1995; and,
 b. If so, are the injuries of which plaintiff complains caused by the said accident; and,
 c. To what compensation, for permanent and partial disability compensation benefits, if any, is plaintiff entitled under the Act.
5. The parties further stipulate as follows:
 a. That plaintiff began working for the defendant-employer September 11, 1995.
 b. That plaintiff last performed work duties for the defendant-employer on December 4, 1995.
 c. That plaintiff's claim for temporary total disability compensation benefits extends from November 22, 1995 to September 1, 1996.
 d. That there are approximately 75 pages of medical records and a Pre-trial Agreement dated December 8, 1997 to be included in the record.
At the hearing on January 8, 1997, the parties introduced the following exhibits:
1. Defendants' Exhibit 1, marked D1, consisting of a 1099 tax form.
2. Defendants' Exhibit 2, marked D2, consisting of a Form 18 dated December 12, 1995.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On November 22, 1995, plaintiff, forty-seven years of age with a high school education and the father of seven children, was performing steel construction work for the defendant-employer.
2. On November 22, 1995 and prior thereto, the defendant-employer, Van Allen Steel, was owned and operated by Peggy Simpson, President and Grant Simpson, Vice-President, in the business of steel fabrication and had no expertise or knowledge of the steel construction business.
3. Prior to November 22, 1995, plaintiff had extensive experience in steel construction work and had operated his own company with employees doing said work.
4. On September 11, 1995, defendant-employer and plaintiff entered into an agreement for plaintiff, four of his workers, a person named Stanley operating the crane in the erection process and some of the defendant-employer's workers also working in the project to do steel construction work on a school which the defendant-employer had contracted to provide and erect the steel framing.
5. Under the terms of the agreement of September 11, 1995, defendant-employer agreed to pay plaintiff $25.00 per hour and wages to his four employees from which payroll deductions and taxes were to be withheld, to provide workers' compensation coverage for plaintiff and his four workers and plaintiff was to have a supervisory authority in the work of the steel construction.
6. After receiving his first weekly check from the defendant-employer which was less than $1,000.00, plaintiff advised defendant-employer that his weekly pay would have to net at least $1,000.00, subsequent to which defendant-employer ceased to make payroll and tax deductions from plaintiff's weekly paycheck and in January of 1996 prepared a 1099 tax form in lieu of a W-2 tax form with respect to plaintiff's wages.
7. Subsequent to September 11, 1995 and prior to November 22, 1995, defendant-employer obtained no certificate of insurance coverage from plaintiff as required by Section 97-19 of the North Carolina Workers' Compensation Act.
8. On November 22, 1995 while plaintiff was performing the duties of his employment agreement with the defendant-employer in the construction of the steel framing of the school, he fell approximately twenty feet to the concrete floor of the building under construction injuring his neck and experiencing pain in his neck and left collar bone.
9. The undersigned has been presented with no definitive evidence by the parties respecting the permanent partial disability of plaintiff resulting from the incident of November 22, 1995.
10. Plaintiff has lost time from work as a result of the incident of November 22, 1995 from December 4, 1995 to September 1, 1996.
11. Plaintiff was earning an average weekly wage of $1,000.00 on November 22, 1995.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The employer-employee relationship existed between the parties on November 22, 1995 and the North Carolina Industrial Commission has jurisdiction to hear and decide this case.
2. On November 22, 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer.
3. Plaintiff is entitled to temporary total disability compensation benefits from December 4, 1995 to September 1, 1996 at the rate of $478.00 per week.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay to plaintiff in one lump sum temporary total disability compensation benefits from December 4, 1995 to September 1, 1996 at the rate of $478.00 per week, less the attorney fee hereinafter provided.
2. Defendants shall pay all medical expense resulting from said injury up to the date of this Opinion and Award and no further when the same have been approved as by law provided.
3. An attorney fee of twenty-five percent of the compensation herein allowed is hereby approved and awarded to Patrice Solberg for her services to plaintiff to be deducted from the compensation above-provided and paid directly to said attorney.
This the ___ day of March 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________ THOMAS J. BOLCH COMMISSIONER
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
DCS:bjp